## COX v. UNION NAT. INS. CO. et al.
### (No. 1228.)

(Court of Civil Appeals of Texas. Beaumont. April 25. 1925. Rehearing Denied May 6, 1925.)

Venue ⬅️22(3)—Plea of privilege should have been sustained, where resident defendant had been released from contract sued on.

In suit on partnership account, where resident defendant had been released by plaintiff, he was not proper and necessary party to action and other defendant's plea of privilege should have been sustained.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the Union National Insurance Company against W. Willis Cox and another. From an order overruling defendant Cox's plea of privilege, he appeals. Reversed and remanded, with directions.

Dallas Scarborough, of Abilene, and K. C. Barkley and W. Owen Dailey, both of Houston, for appellant.

A. T. Carleton, of Houston, for appellees.

WALKER, J. This is an appeal from an order of the district court of Harris county overruling plaintiff in error's plea of privilege to be sued in the county of his residence. The defendant in error, Union National Insurance Company, instituted this suit in Harris county against plaintiff in error, a resident of Taylor county, and one W. S. Merrill, a resident of Harris county, alleging that the defendants were indebted to it in the sum of $2,951.98 on a partnership account. On a hearing of the issues raised by the plea of privilege, it appeared without controversy that defendant in error had released W. S. Merrill, on a contract between it and plaintiff in error and Merrill, of whatever cause of action it had against plaintiff in error, and therefore Merrill was not a proper or necessary party to its action against plaintiff in error. The plea of privilege should have been sustained.

Reversed and remanded, with instructions to the trial court to transfer this case to Taylor county, the home of the plaintiff in error.